■ PAUL PETRONE, an Infant, by His Father and Natural Guardian, PAUL M. PETRONE, Appellant, v WINFIELD E. QUINLAN et al., Respondents. (Action No. 1.) PAUL PETRONE, an Infant, by His Father and Natural Guardian, PAUL M. PETRONE, Appellant, v WINFIELD E. QUINLAN et al., Respondents. (Action No. 2.)—In two actions to recover damages for medical malpractice, etc., the plaintiff appeals from so much of an

order of the Supreme Court, Westchester County (Delaney, J.), entered September 6, 1988, as (1) denied his motion, denominated as one for leave to "reargue or renew" the granting of the defendants' separate motions to dismiss the complaint in action No. 1 for failure to prosecute the same, and (2) denied that branch of his cross motion in action No. 2 which was to utilize "all * * * discovery in the first action as the disclosure and pre-trial proceedings in the second action".

Ordered that the order is modified by deleting the provision thereof denying that branch of the plaintiff's cross motion in action No. 2 which was to use all discovery obtained in action No. 1 in action No. 2 and substituting therefor a provision granting that branch of the cross motion to the extent that the plaintiff is authorized to use all discovery in action No. 1 in action No. 2, subject to the supervision of the Supreme Court; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's motion for renewal was properly denied by the Supreme Court because the physician's affirmation of merits, which fails to state the causation between the alleged improper acts and the plaintiff's injuries, is insufficient to establish a good and meritorious cause of action (see, *Ullrich v Rocking Horse Ranch,* 138 AD2d 372).

However, under the circumstances of this case, we find that the Supreme Court's refusal to allow discovery obtained in the first action to be used in the second action was an improvident exercise of discretion. Accordingly, we modify the decision of the Supreme Court to allow the discovery obtained in the first action to be used in the second action, subject to the supervision of the Supreme Court, which is authorized to allow such other and further discovery as is warranted. Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.